# IN THE COURT OF APPEALS OF IOWA

No. 23-2106
Filed June 18, 2025

**LANCE RUSSELL DIXON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.


The applicant appeals the summary dismissal of his sixth application for postconviction relief. **AFFIRMED.**



Francis Hurley, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.


Considered without oral argument by Greer, P.J., Badding, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**GREER, Presiding Judge.**

More than twenty-five years ago, Lance Dixon was convicted of first-degree murder and sentenced to life in prison. Dixon filed an unsuccessful direct appeal, *see generally State v. Dixon*, No. 00-829, 2001 WL 1450991 (Iowa Ct. App. Nov. 16, 2001), on which procedendo issued in February 2002. Accordingly, his three-year window to seek postconviction relief (PCR) closed in 2005. *See* Iowa Code § 822.3 (2005). Yet Dixon filed this PCR application—his sixth—in July 2023. The district court summarily dismissed it as time-barred.

Dixon appeals, arguing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) is a new ground of law that he could not raise before, which excepts him from the statute of limitations in section 822.3. "But [Dixon] is not challenging *his conviction* based on *Bruen* or any other new ground of fact or law. His arguments based on *Bruen* are only a challenge to the statute of limitations itself. So this exception to the statute of limitations does not apply to [Dixon's] application." *Thongvanh v. State*, No. 24-0783, 2025 WL 547744, at *1 (Iowa Ct. App. Feb. 19, 2025).

Additionally, he argues summary dismissal was not appropriate because the State failed to prove he did not raise a genuine issue of material fact. *See* Iowa Code § 822.6(3) (allowing the court to grant a motion for summary disposition "when it appears . . . there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"). But Dixon did not plead any facts in support of overcoming the time-bar or otherwise. The issue he raised on PCR was purely a legal one—whether *Bruen* impacted the constitutionality of the statute of limitations contained in section 822.3. So there could be no genuine issue of

material fact, and summary disposition was appropriate. *Cf. Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015) ("An issue of fact is 'material' only when the dispute involves facts which might affect the outcome of the suit, given the applicable governing law." (citation omitted)); *Degeneffe v. Home Pride Contractors, Inc.*, 16 N.W.3d 501, 505 (Iowa 2025) ("Summary judgment is proper where the issue is purely a legal one.").

Because the State was entitled to summary dismissal as a matter of law, we affirm the district court's dismissal of Dixon's sixth PCR application.

**AFFIRMED.**